FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GABRIEL GAMEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AVISTA CORPORATION, dba "AVISTA UTILITIES"; DENNIS VERMILLION, President Avista Corporation; ALVARO FIGUEROA; COREY COOK; RAYNE PEARSON; MICHAEL HOWARD; WASHINGTON UTILITY AND TRANSPORTATION COMMISSION; and the STATE OF WASHINGTON,<br><br>　　　　　　Defendants. | NO. 2:22-CV-0203-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is Plaintiff's Complaint, Request to Proceed Without Prepayment, Motion to Show Authority, Motion to Compel Production, Verified Complaint for Trespass, and Motion to Show Cause. ECF Nos. 1, 2, 7, 9, 10, 12. Also before the Court is Defendants Avista Corporation and Dennis

ORDER OF DISMISSAL ~ 1

Vermillion's Motion to Dismiss. ECF No. 5. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, all claims asserted in Plaintiff's Complaint (ECF No. 1) and Verified Complaint for Trespass (ECF No. 10) are **DISMISSED without prejudice**.

## BACKGROUND

Plaintiff Gabriel Gamez, proceeding *pro se* and seeking *in forma pauperis* status, filed this suit on September 16, 2022. ECF No. 1. Plaintiff also filed an inadequate and incomplete Request to Proceed Without Prepayment of fees and costs. ECF No. 2. Plaintiff complains that Avista has threatened to interrupt and disconnect Plaintiff's electricity service and seeks an injunction. Plaintiff's second Complaint adds additional parties and seeks $1,000,000.00 dollars in damages. ECF No. 10.

## DISCUSSION

**A. Filing Fee**

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915. Failure to pay the statutory filing fee will result in dismissal of these actions without prejudice. *See Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice a complaint for

failure to pay filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal of *pro se* litigant for failure to pay required filing fees).

Plaintiff has not filed the proper request for *in forma pauperis* status, nor provided the proper information. This is grounds to dismiss this case.

### B. Subject Matter Jurisdiction

United States District Courts have original subject-matter jurisdiction over cases between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A plaintiff invoking a federal court's diversity jurisdiction has the burden of establishing that § 1332(a)'s diversity of citizenship and amount-in-controversy requirements have been satisfied. *See Hertz Corp. v. Friend*, __ U.S. __, 130 S. Ct. 1181, 1194 (2010).

Plaintiff has failed to show subject matter jurisdiction based on diversity of citizenship.

United States District Courts have original subject-matter jurisdiction over cases arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. Plaintiff has failed to sufficiently plead a federal claim.

### C. Failure to State a Claim

Under the Prison Litigation Reform Act of 1995, the Court is required to

ORDER OF DISMISSAL ~ 3

screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id*. Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

ORDER OF DISMISSAL ~ 4

1  *Twombly*, 550 U.S. 544, 555 (2007).  It must plead "enough facts to state a claim to

2  relief that is plausible on its face." *Id.* at 570.  The Court construes a *pro se*

3  plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt.

4  *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation

5  omitted).

6        The Court finds that Plaintiff has failed to state facts in both of his

7  Complaints  which "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S.

8  at 679.

## OPPORTUNITY TO AMEND

10        Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

11  must be given the opportunity to amend his complaint to correct any deficiencies.

12  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28

13  U.S.C. § 1915(e)(2), as recognized in Aktar v. Mesa, 698 F.3d 1202, 1212 (9th Cir.

14  2012).  The Court finds that it is absolutely clear that no amendment in federal

15  court will cure the deficiencies in Plaintiff's Complaint.  Therefore, the Court

16  dismisses Plaintiff's Complaint without prejudice.

## DENIAL OF *IN FORMA PAUPERIS* STATUS

18        Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

19  *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

20  good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants Avista Corporation and Dennis Vermillion's Motion to Dismiss (ECF No. 5) is **GRANTED**. This action is **DISMISSED without prejudice**.

2. Plaintiff's *in forma pauperis* request (ECF No. 2) is **DENIED**.

3. Plaintiff's Motion to Show Authority, Motion to Compel Production, and Motion to Show Cause (ECF Nos. 7, 9, and 12) are **DENIED** as moot.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to the Parties, and **CLOSE** the file.

**DATED** November 14, 2022.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 6